UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAHLIL FEASTER,

    Plaintiff,

v.                                 Case No.  5:23-cv-310-TKW-MJF

BOBBY BOWERS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Jahlil Feaster, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint. Doc. 1. The undersigned concludes that this case should be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A, because Plaintiff cannot state a claim for relief under 42 U.S.C. § 1983.

**I. ALLEGATIONS OF PLAINTIFF'S COMPLAINT**

Plaintiff is an inmate of the Florida Department of Corrections currently confined at the Florida State Prison. Doc. 7. Plaintiff is suing a prison official at the Graceville Correctional Facility—Bobby Bowers—in his individual capacity. Doc. 1 at 2.

Plaintiff claims that Bowers violated the Eighth Amendment when Bowers "falsely" related in a written statement that he had reviewed video footage of a stabbing that occurred on August 26, 2023, and saw Plaintiff stab Inmate C. Henderson. Doc. 1 at 5. As a result of Bowers's statement, Plaintiff' was charged and convicted at a prison disciplinary proceeding of battering Henderson. *Id.* at 5, 7. The disciplinary hearing team considered Bowers's witness statement as well as Henderson's exculpatory statement "indicating that [Plaintiff] was the wrong inmate and [Plaintiff] did not stab [sic] him." *Id.* at 5. As a result of the disciplinary conviction, Plaintiff received 60 days in disciplinary confinement and later was approved for "CMI" status. *Id.* at 7.[1]

As relief in this lawsuit, Plaintiff seeks "for my D.R. be vacated, gain-time be restored and B. Bowers pay me restitution of $10,000-$30,000 for being falsely accused, falsely imprisoned, and being treated unequally and unfair." *Id.* at 7.

---

[1] CM (Close Management) is "the separation of an inmate apart from the general population, for reasons of security or the order and effective management of the institution, when the inmate, through his or her behavior, has demonstrated an inability to live in the general population without abusing the rights and privileges of others." Fla. Admin. Code r. 33-601.800(1)(a).

## II. SCREENING STANDARD UNDER 28 U.S.C. §§ 1915(e)(2) AND 1915A

Because Plaintiff is a prisoner and is proceeding *in forma pauperis*, this court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (comparable screening provision of *in forma pauperis* statute).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*,

550 U.S. at 555, 570. The mere possibility that the defendant acted unlawfully is insufficient. *Iqbal*, 556 U.S. at 678; *see also* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-36 (3d ed. 2004) ("[The] pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.").

### III.  REVIEW OF PLAINTIFF'S COMPLAINT

"A section 1983 claim is conditioned on two essential elements: first, the conduct complained of must have been committed by a person acting under color of state law; second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir. 1985) (citing 42 U.S.C. § 1983).

A.   **Failure to State a Plausible Eighth-Amendment Claim**

Plaintiff claims that Bowers "violated the 8th amendment Cruel and Unusual Punishment" when Bowers "falsely" stated in a written document that he saw Plaintiff batter Henderson. Doc. 1 at 5, 7. This allegation does not rise to the level of a plausible Eighth-Amendment violation. *See Spires v. Paul*, 581 F. App'x 786, 792 (11th Cir. 2014) ("To

state an Eighth Amendment claim under § 1983, a prisoner must allege an extreme condition that poses an unreasonable risk of serious damage to the prisoner's future health or safety. . . ."); Allegations of "false convictions or sham proceedings . . . do not fall under the Eighth Amendment's prohibition against cruel and unusual punishment." *Brooks v. O'Leary*, 33 F.3d 56 (7th Cir. 1994) (Table); *Jackson v. Melia*, No. 4:13-cv-398-WS, 2015 WL 1808892, at *1 (N.D. Fla. Apr. 21, 2015) (prisoner's allegations—that officers placed fabricated evidence in his cell and then filed a false disciplinary report that led to prisoner's placement in disciplinary confinement for five weeks—did not rise to the level of an Eighth Amendment violation).

B.  **Failure to State a Plausible Due-Process Claim**

Plaintiff would fare no better even if he claimed that Bowers's false statement violated his right to due process under the Fourteenth Amendment. A due process claim has three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994))

1.  ***Plaintiff Was Not Deprived of a Liberty Interest***

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) when a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 478, 484. Without either the loss of gain-time credits or "atypical" confinement, the Due Process Clause itself affords no protected liberty interest that requires procedural protections. *Sandin*, 515 U.S. at 487.

Here, Plaintiff does not allege facts suggesting that the conditions and duration of his 60-day stay in disciplinary confinement were significantly restrictive compared to the general prison population. *See Sandin*, 515 U.S. at 485–87 (thirty days of disciplinary segregation did not give rise to a protected liberty interest); *Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (same as to two months in administrative confinement); *Smith v. Reg'l Dir. Fla. Dep't of Corr.*, 368 F. App'x 9, 13 (11th Cir. 2010) (same as to forty-five days in disciplinary

confinement); *Shaarbay v. Palm Beach Cnty. Jail*, 350 F. App'x 359, 361-62 (11th Cir. 2009) (same as to thirty days in disciplinary confinement); *see also Meachum v. Fano*, 427 U.S. 215, 223-25 (1976) (discretionary transfer to maximum security state prison did not implicate protected liberty interest); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (no due process protections required for prisoner classification decisions in federal prisons); *Holston v. Dawson*, No. 22- 11198, 2023 WL 7485227 (11th Cir. Nov. 13, 2023) (dismissing due process claim challenging prisoner's placement in CMI status).

Furthermore, Plaintiff does not allege that the disciplinary conviction resulted in the forfeiture of gain time. Even if Plaintiff *did* lose gain-time—as his demand for relief suggests—this § 1983 action still would be subject to dismissal for the other reasons set forth below.

### 2. *Plaintiff's Claims Would Be Barred By Heck and Preiser*

To the extent Plaintiff seeks the restoration of gain time, Doc. 1 at 7, his claims are not cognizable in this § 1983 proceeding because his exclusive remedy is a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Dyer v. Lee*, 488 F.3d 876, 880 (11th Cir. 2007) ("[H]abeas corpus is the

exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of 1983.").

Furthermore, a state prisoner's § 1983 claim is barred "no matter the relief sought" and "no matter the target of the prisoner's suit" if success on that claim necessarily would demonstrate the invalidity of his conviction or length of confinement. *Wilkinson v. Dotson*, 544 U .S. 74, 82 (2005); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The fact that Plaintiff is requesting—in this very lawsuit—that his "D.R. be vacated," Doc. 1 at 7, demonstrates that the disciplinary conviction has not yet been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

Thus, even if Plaintiff were able to overcome the *Sandin* hurdle by alleging that the disciplinary conviction arising from Bowers's false statement affected the time Plaintiff will serve on his sentence, his claims are subject to dismissal under *Preiser* and *Heck. See, e.g., Richards v. Dickens*, 411 F. App'x 276, 278-79 (11th Cir. 2011).

### 3. *The State Afforded Plaintiff Due Process*

Finally, even if Plaintiff overcame all of the foregoing hurdles—*Sandin*, *Preiser* and *Heck*—his claims concerning Bowers's false statement still would be subject to dismissal. Plaintiff admits that he was given a hearing on the charge, and was provided due process, including the opportunity to expose any falsity or inaccuracy. *See Freeman v. Rideout*, 808 F.2d 949, 951-52 (2d Cir. 1986); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

In *Wolff*, 418 U.S. 539 (1974), the Supreme Court held that in the prison context, due process requirements are satisfied if the inmate is given written notice of the charge at least 24 hours in advance of the disciplinary proceeding, the inmate is given the opportunity to call witnesses and present evidence, and a written statement is drafted by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Id.* at 563-67.

As to the third requirement, the due-process inquiry is limited to whether there is "some evidence" upon which the disciplinary team could base its decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). A federal court's determination whether there is "some evidence" to support

a disciplinary charge does not "require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence," but merely assessment of whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." *O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011) (quoting *Hill*, 472 U.S. at 454-56).

Here, Plaintiff's allegations demonstrate that Plaintiff (1) received notice of the charge, (2) was provided a hearing, (3) presented evidence in his defense (Henderson's statement), and (4) received notice that he was found guilty of the infraction based on Bowers's written statement after consideration of all of the evidence. Doc. 1 at 5. Plaintiff makes no allegation about any constitutional defect during the proceeding except to protest that he should not have been found guilty based on Bowers's statement. But reliance on the observations of a correctional officer can alone be sufficient to meet the evidentiary standard. *Hill*, 472 U.S. at 456-57. Furthermore, the hearing team was not required to credit Henderson over Bowers. Plaintiff alleges no facts—other than Henderson's statement—demonstrating that the hearing team *knew* that Bowers's statement was false.

C. **Failure to State a Plausible Double-Jeopardy Claim**

Plaintiff's statement of claims makes a passing reference to double jeopardy. Doc. 1 at 7. Plaintiff asserts: "S.A. Reed and B.S. Kirk violated the 5th amendment Double Jeopardy by giving me 60 days DC and approving me of CMI." *Id.* Plaintiff does not name Reed or Kirk as a Defendant, nor does he include any additional factual allegations supporting this claim. *Id.* at 2, 5.

Regardless, Plaintiff has no plausible double-jeopardy claim for two reasons. First, the Double Jeopardy Clause does not apply to prison disciplinary or classification proceedings. *See Breed v. Jones*, 421 U.S. 519, 528 (1975) (the Double Jeopardy Clause does not apply to proceedings that are not "essentially criminal."); *Wolff*, 418 U.S. at 556 (prison disciplinary proceedings are not part of a criminal prosecution); *see also United States v. Mayes*, 158 F.3d 1215, 1224 (11th Cir. 1998) (prison regulations creating administrative penalties for inmate misconduct were not "criminal" for double-jeopardy purposes; thus, prison disciplinary sanction did not preclude subsequent criminal prosecution for same conduct).

Second, even if the FDC's regulations were "essentially criminal"—which they are not—the regulations authorize a prisoner's battery to form the basis for both disciplinary action and a classification decision. *See* Fla. Admin. r. 33-601.314 (authorizing prison discipline for a prisoner's battery on another inmate); Fla. Admin. Code r. 33-601.800(2) (authorizing placement in CMI status for various misconduct, including an act causing injury or that could have resulted in injury to another, a prisoner's "major rule violation" including battery, etc.)

For all of the reasons discussed above, Plaintiff cannot state a plausible cause of action under § 1983 based on his allegation that Bowers submitted a false statement implicating him in the battery on Henderson.

### IV. AMENDMENT OF THE COMPLAINT WOULD BE FUTILE

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), o*verruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002); *see also Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019).

A district court, however, need not grant a plaintiff an opportunity to amend when amendment would be futile. *Silberman*, 927 F.3d at 1133. Leave to amend is futile when the complaint as amended still would be dismissed. *Id.* The question in such cases is not whether the plaintiff has stated a claim, but instead, "when all is said and done, he *can* do so." *Id.* (emphasis in original).

The discussion set forth above demonstrates that Plaintiff *cannot* state a § 1983 claim against Bowers based on Bowers's allegedly false witness statement that led to Plaintiff's disciplinary conviction. The reasons are that (1) the filing of a false disciplinary charge against a prisoner does not alone amount to a constitutional violation; (2) Bowers's allegedly false witness statement did not deprive Plaintiff of a constitutionally-protected liberty interest; (3) if the disciplinary conviction affected the length of Plaintiff's sentence, his § 1983 claims are barred by *Heck* and *Preiser*; (4) Plaintiff was afforded due process in the disciplinary proceeding; and (5) prisoner disciplinary and classification proceedings do not implicate double-jeopardy principles. Because the deficiencies in Plaintiff's complaint are not curable even if he were given the opportunity to replead the allegations, the District Court should *sua*

*sponte* dismiss this action under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim.

## V. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), for failure to state a claim upon which relief can be granted.

2. The clerk of court be directed to enter judgment accordingly and close this case file.

At Panama City, Florida, this 11th day of March, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any**

**objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**